# EXHIBIT A

THE SUPERIOR COURT FOR THE COUNTY OF COBB
STATE OF GEORGIA

| | |
|---|---|
| LINDA STABB, ) | |
| ) | |
| Plaintiff and Petitioner, ) | |
| ) | |
| v. ) | Civil Action File No. |
| ) | |
| GMAC MORTGAGE, LLC, ) | _____ |
| FEDERAL HOME LOAN MORTGAGE ) | |
| CORPORATION, ) | |
| MORTGAGECLOSE.COM, INC., ) | |
| MORTGAGE ELECTRONIC ) | |
| REGISTRATION SYSTEMS, INC. ) | |
| and DOES 1-6, ) | |
| ) | |
| Defendants and Respondents. ) | |

VERIFIED AMENDED PETITION AND MOTION FOR QUIET TITLE, INJUNCTIVE RELIEF, REQUEST FOR DECLARATORY JUDGMENT, AND MOTION FOR APPOINTMENT OF SPECIAL MASTER PURSUANT TO O.C.G.A. § 23-3-63

COMES NOW, Plaintiff and Petitioner Linda Stabb and files her Verified Amended Petition and Motion for Quiet Title, Injunctive Relief, Request for Declaratory Judgment, and Motion for Appointment of Special Master Pursuant to O.C.G.A. § 23-3-63 (collectively, the "Petition") and alleges as follows:

PARTIES

1. Plaintiff and Petitioner Linda Stabb ("Petitioner" or "Plaintiff") resides at 3930 Andrews Crossing, Roswell, Cobb County, 30075.

2. Defendant and Defendant GMAC Mortgage, LLC. ("Defendant" or "GMAC"), is a foreign corporation located at 1100 Virginia Drive, Fort Washington, PA 19034. GMAC is

registered with the Georgia Secretary of State and can be served through its agent, to wit: Corporation Service Company, Inc. 40 Technology PKWY South, Suite 300, Norcross, Georgia 30092.

3. Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") is a government sponsored enterprise with its principal office located at 8200 Jones Branch Drive, McLean, VA 22102-3110. Defendant Freddie Mac's regional office is located at 2300 Windy Ridge Prkwy SE, Ste 200 North Tower, Cobb County, Atlanta, GA 30339-5665.

4. Defendant Mortgageclose.com, Inc. ("Mortgageclose") was a Nevada corporation whose corporate status has been revoked by the Nevada Secretary of State. Its last known address is: 1600 North Broadway, Suite 500, Santa Ana CA 92706.

5. Defendant Mortgage Electronic Registration Systems, Inc. is a Delaware corporation, their corporate offices are located at 1818 Library Street, Suite 300, Reston, VA 20190.

6. Defendants Does 1-10 represent any other individuals or entities which claim an interest in the Property or claim to have a lien on the Property, and which as yet are unidentified. Plaintiff will amend this Petition to name any other entities or individuals which may claim an interest in the property at issue at such time as such parties or entities are identified.

## VENUE AND JURISDICTION

7. The property at issue in this Petition is owned by Plaintiff and is located at 3930 Andrews Crossing, Roswell, Cobb County, 30075. (The "Property").

8. Since the Property which is the subject of this proceeding is located in Cobb County, Georgia, this Court has jurisdiction over this action and venue lies in this Court pursuant

to O.C.G.A. § 23-3-62(a). Venue is further proper in this Court as the business was transacted and the disputed real property is located in Cobb County Georgia. O.C.G.A. § 9-10-93.

## FACTUAL ALLEGATIONS

9. The Plaintiff resides at 3930 Andrews Crossing, NE, Roswell, Cobb County, Georgia.

10. The Plaintiff purchased the Property in 2007, a copy of the Warranty Deed (Deed Book 14572 Page794, Cobb County, Georgia) with the legal description of the Property is attached as Exhibit "A" to this Petition and is incorporated by reference. At all times relevant to this Petition, either Plaintiff or a designee/lessee of Plaintiff has been in possession of the Property, and remains in possession.

11. Plaintiff financed her purchase of the Property with a note in favor of Mortgageclose.com, Inc. as the lender ("Mortgageclose") in the amount of $342,400.00 (the "note"). A true and correct copy of the note is attached as Exhibit "B".

12. The note was secured by a Security Deed dated December 14, 2007 (Deed Book 14572 Page 795, Cobb County, Georgia)in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") was designated to act "solely as a nominee" for the lender. The Security Deed names Mortageclose as the lender. Critically, MERS's interest was limited solely to acting as a nominee for Mortgageclose; MERS at no time ever had an interest in the underlying Note. A true and correct copy of the Security Deed is attached as Exhibit "C".

13. Although the Security Deed names MERS as the Grantee the power of sale created by the Security Deed is vested – by the specific language of the Deed itself – solely in Mortgageclose as the "Lender". See Exhibit "C", paragraph 22.

14. The Security Deed explicitly contemplates that any transfer of the note and deed

must occur "together". Exhibit "C", paragraph 20 (emphasis added).

15. For the closing, the Plaintiff was asked to come to the closing attorney's office where she signed a note and security deed in favor of MortgageClose.com. The witnesses and notary were not present when Plaintiff signed the documents and were apparently supplied by the closing attorney at some other time.

16. Unknown to the Plaintiff at the time, her loan was then sold by Mortgageclose to the Freddie Mac. Freddie Mac is a government sponsored enterprise and is one of the largest sources of financing for residential mortgages. Freddie Mac pools and packages the loans it buys and converts them into various mortgage backed securities ("MBS"). These transactions are regulated by the Securities and Exchange Commission ("SEC").

17. Following Freddie Mac's transfer of Plaintiff's loan to Freddie Mac, GMAC (which is now in bankruptcy in the Southern District of New York.) was appointed to service the mortgage; i.e., GMAC administered the mortgage and collect the monthly payments. As set forth above, GMAC had no beneficial interest in the ownership of the loan.

18. The Plaintiff suffered financial hardship and had no choice but to file for bankruptcy. Defendant GMAC through its attorneys McCurdy & Candler, LLC ("McCurdy") moved the bankruptcy Court for relief from the automatic stay. At no time during the bankruptcy proceedings did the Defendant's reveal to the Court or to the Plaintiff that the loan was owned by Freddie Mac or that Defendant GMAC was acting solely as its agent.

19. After the Plaintiff received her discharge in bankruptcy she accepted a loan modification offer from Defendant GMAC with an effective date of August 1, 2010. (A true and correct copy is attached as Exhibit "D")

20. Unfortunately, the Plaintiff continued to have financial hardships and sought an

additional modification from Defendant GMAC. Plaintiff was repeatedly told that she did not qualify for a modification because she was current on her loan. Plaintiff was told by employees of Defendant GMAC that the only way that she could be considered for a modification was to be sixty to ninety days delinquent on her mortgage payments. The Plaintiff argued with Defendant GMAC because she did not want to get behind in her payments, but finally she gave in as it appeared to be the only way that Defendant GMAC would consider a modification.

21. The Plaintiff sent Defendant GMAC a hardship letter and was sent an application package. Over the next few months the Plaintiff sent hundreds of pages of information to Defendant GMAC which told the Plaintiff that her documents were lost or never received.

22. The Plaintiff attempted to make mortgage payments while she was seeking a modification, but the payments were refused or returned. Defendant GMAC finally denied the modification because the investors would not approve the modification.

23. In 2012 Defendant GMAC initiated foreclosure proceedings. The letters from McCurdy stated that they were acting on behalf of Defendant GMAC as the servicer and secured creditor, but that Freddie Mac owned the loan.

24. In the published notice of foreclosure, Defendant GMAC asserted that it had authority to exercise the power of sale in the original Security Deed by assignment.

25. Although GMAC does not own the loan, it claims an interest in the Security Deed by virtue of an assignment dated January 27, 2012 from MERS as nominee for Mortgageclose.com, Inc. to GMAC. The purported assignment was made some four years after the closing of the loan. A true and correct copy of the Assignment, recorded February 3, 2012 in Cobb County Deed Book 14916, Page 5487, is attached as Exhibit "E".

26. At the time MERS claimed to be acting on behalf of Mortgageclose as its

nominee, Mortgageclose was out of business, closed and no longer existed.

27. Mortgageclose was a Nevada corporation with its principal place of business in California. At the time of the purported assignment its corporate its corporate status had been revoked by the Nevada Secretary of State and its President was in bankruptcy. See, Exhibit "F"

## COUNT I

### EQUITABLE RELIEF – INJUNCTION TO PREVENT THREATENED FORECLOSURE

Plaintiff refers to and incorporates by reference Paragraphs 1 through 27 as if set forth in full herein.

28. Defendant GMAC does not have authority to foreclose on and/or sell Plaintiff's Property. As alleged in detail above Mortgageclose has not transferred its interest in the Security Deed to GMAC or parties other than GMAC.

29. Georgia law is clear that only a "secured creditor" has the right, power or authority to foreclose on a mortgage and exercise the right to sell the secured property. O.C.G.A. § 44-14-162.2(a).

30. Moreover, Georgia law provides that "[p]owers of sale in deeds of trust, mortgages, and other instruments shall be strictly construed", and that Defendants are statutorily required to exercise fairly and in good faith the power of sale in a deed to secure debt. O.C.G.A. § 23-2-114.

31. Pursuant to this authority, and based on the verified facts as alleged, Defendant GMAC is not a "secured creditor" with the authority or standing to foreclose on Plaintiff's Property.

32. For the reasons set forth in this Complaint, the threatened foreclosure and sale of

Plaintiff's Property was and is illegal and Plaintiff wrongfully has been imminently threatened with deprivation of his possession and interest in the Property.

33. Plaintiff is without an adequate remedy at law.

34. The threatened foreclosure and sale is illegal and should be enjoined.

WHEREFORE, Plaintiff prays:

a) For an order enjoining Defendants from taking any action in furtherance of the threatened foreclosure and sale of Plaintiff's Property; and

b) For such other and further relief as the Court finds is just, proper, and equitable.

## COUNT II
## DECLARATORY RELIEF

Plaintiff refers to and incorporates by reference Paragraphs 1 through 27 as if set forth in full herein.

35. Plaintiff seeks declaratory relief pursuant to O.C.G.A. §§ 9-4-2 and 9-11-118 on the grounds that Defendant GMAC has no legal interest in the Property, no legal or equitable right as a secured creditor with respect to the Property for purposes of foreclosure and that said Defendant has no legal standing to institute or maintain foreclosure on the Property.

36. Plaintiff further seeks declaratory relief on the grounds that Defendant Freddie Mac has no legal interest in the Property, no legal or equitable right as a secured creditor with respect to the Property for purposes of foreclosure and that said Defendant has no legal standing to institute or maintain foreclosure on the Property.

37. O.C.G.A. § 9-4-2(a) provides that the superior courts shall have the power, upon appropriate pleading, to declare rights and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be prayed, and that the declaration

shall have the force and effect of a final judgment.

38. O.C.G.A. § 9-4-2(c) provides that relief by declaratory judgment shall be available notwithstanding the fact that the complaining party has any other adequate legal or equitable remedies.

39. As set forth above, Defendant GMAC does not possess the requisite legal rights to foreclose because Defendants are not a secured creditor. In addition, it appears that the Assignment of the Security Deed was defective because Mortgageclose was no longer authorized to transact business at the time of the Assignment.

40. Georgia law provides that one who is not a party to a contract whereby title to property is retained in the seller as security for the balance of the purchase money, who is not named as payee in the notes for the payments, and who has no valid written assignment of the notes or the contract, cannot foreclose the contract in his own name as holder and owner thereof.

WHEREFORE, Plaintiff pleads that the Court adjudge and declare:

a) That Defendant GMAC does not have legal standing or the proper legal or equitable interest in the Security Deed, the note, or the Property to institute or maintain a foreclosure; and

b) That Defendant Freddie Mac does not have legal standing or the proper legal or equitable interest in the Security Deed, the note, or the Property to institute or maintain a foreclosure; and

c) That the Plaintiff recover her costs.

## COUNT III

### PETITION TO QUIET TITLE

Plaintiff refers to and incorporate by reference Paragraphs 1 through 27 as if set forth in

full herein.

41.     Plaintiff holds title to the Property by virtue of a Warranty Deed executed on or about December 14, 2007.  (Exhibit "A").

42.     Defendant GMAC has claimed a security interest in the Property through a Security Deed (Exhibit "C"), Assignment (Exhibit "E") and Note (Exhibit "B").  Plaintiff disputes that Defendant has any right, interest, or other legal or equitable stake in the Property.

43.     Defendant Freddie Mac claims an interest in the property by virtue of its purchase of the Plaintiff's mortgage loan.

44.     Defendant Mortgageclose.com, Inc. claims an interest through the Security Deed (Exhibit "C").

45.     As alleged above, a dispute and/or cloud upon the title exists with respect to the Property, as defined in O.C.G.A. § 23-3-61, which requires resolution by this Court.

46.     As required pursuant to O.C.G.A. § 23-3-62, this dispute concerns the land described and defined above, with respect to which Plaintiff claims an ownership interest evidenced by a written deed.  Plaintiff verifies this Petition below, and attaches hereto a plat of survey of the land, a copy of the deed upon which the Plaintiff's interest is based, and copies of the invalid security interests – if any – which appear in the recorded chain of title.  A true and correct copy of the Plat is attached as Exhibit "G".

47.     A copy of a lis pendens, required by O.C.G.A. § 23-3-62(d), is attached to and is contemporaneously filed with this Petition as Exhibit "H".

WHEREFORE, Plaintiff prays that:

a) The Court take jurisdiction of this matter as an action *in rem* requiring the appointment of a Special Master pursuant to O.C.G.A. § 23-3-63 and Uniform

Superior Court Rule 46;

b) The Court appoint such Special Master and that this proceeding be referred to said Special Master by proper order pursuant to said code section;

c) All issues of fact be tried by jury as provided in O.C.G.A. § 23-3-67;

d) Any non-judicial foreclosure of Plaintiff's Property by Defendant(s) be permanently enjoined;

e) Plaintiff have a judgment establishing title in the Property in the estate against all the world and that all clouds upon the title to said land, including the purported Security Deed allegedly held by Defendant GMAC be cancelled and removed;

f) That this Court order that Defendants have no legally recognizable interest in the Property, and that Defendants be permanently enjoined from asserting any such claim based on the documents and proof before the Court as described herein or through the course of this action;

g) That Plaintiff be awarded the costs of this suit, including attorneys' fees; and

h) That this Court grant such further legal and equitable relief as is just.

Respectfully submitted,

This ____ th day of February, 2013.

THOMPSON LAW GROUP, LLC

_____
Robert Thompson, Jr., Esq.
Georgia Bar No. 709750
H. Kirk Henson
Georgia Bar No. 348088

Mailing Address:

THOMPSON LAW GROUP, LLC
P.O. Box 53484
Atlanta, Georgia 30355
Telephone: (404) 816-0500
Facsimile: (404) 816-6856
rthompson@thomlaw.net
khenson@thomlaw.net

Street Address:

THOMPSON LAW GROUP, LLC
Ivy Place
3423 Piedmont Road, Suite 530
Atlanta, Georgia 30305

*Attorneys for Plaintiff Linda Stabb*

## THE SUPERIOR COURT FOR THE COUNTY OF COBB
## STATE OF GEORGIA

| | |
|---|---|
| LINDA STABB,          ) <br> ) <br> Plaintiff and Petitioner,    ) <br> ) <br> v.                  ) <br> ) <br> GMAC MORTGAGE, LLC,       ) <br> FEDERAL HOME LOAN MORTGAGE ) <br> CORPORATION,           ) <br> MORTGAGECLOSE.COM, INC.,    ) <br> MORTGAGE ELECTRONIC       ) <br> REGISTRATION SYSTEMS, INC.  ) <br> and DOES 1-6,           ) <br> ) <br> Defendants and Respondents. ) <br> ) | Civil Action File No. <br> _____ |

### VERIFICATION

I, Linda Stabb, having been duly sworn, under penalty of perjury, depose and say that I am over the age of eighteen (18) and mentally competent to testify. I have read the foregoing pleading, together with the supporting pleadings and exhibits. The facts stated therein are true and correct, except for statements made on information and belief, which statements I believe to be true to the best of my knowledge. This claim is not interposed for any improper purpose. I further depose while sworn and under penalty of perjury, that all exhibits are true, correct, unaltered copies.

This the 4th day of February, 2013

_____
Linda Stabb

Sworn before me this the 4th day
of February, 2013

_____
Notary Public



H. KIRK HENSON
Notary Public, Georgia
DeKalb County
My Commission Expires
June 10, 2015