# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| LINDA STABB, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action File No.<br>) 1:13-cv-00719-RLV |
| GMAC MORTGAGE, LLC,<br>MORTGAGECLOSE.COM, INC.,<br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS,<br>INC., and DOES 1-6, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## AMENDED PETITION AND MOTION FOR QUIET TITLE, INJUNCTIVE RELIEF, REQUEST FOR DECLARATORY JUDGMENT, AND MOTION FOR APPOINTMENT OF SPECIAL MASTER PURSUANT TO O.C.G.A. § 23-3-63

COMES NOW, Plaintiff and Petitioner Linda Stabb and files this Amended Petition and Motion for Quiet Title, Injunctive Relief, Request for Declaratory Judgment, and Motion for Appointment of Special Master Pursuant to O.C.G.A. § 23-3-63 (the "Complaint") pursuant to this Court's Order dated April 11, 2013 [Doc. # 14] and alleges as follows:

# PRELIMINARY STATEMENT

Plaintiff files this Complaint pursuant to this Court's Order "directing the plaintiff to file a complaint that complies with Rule 8 of the Federal rules". [Doc. # 14]. Federal Rule of Civil Procedure 8 requires, *inter alia*, "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction".

Plaintiff has objected to Defendants' removal of this action from the Superior Court of Georgia to this Court, and has filed a Motion to Remand [Doc. # 10], which is currently pending before this Court.

Therefore, Plaintiff specially files this Complaint, and does not by filing this consent to the jurisdiction of this Court.

# PARTIES

1. Plaintiff and Petitioner Linda Stabb ("Plaintiff") resides at 3930 Andrews Crossing, Roswell, Cobb County, 30075.

2. Defendant GMAC Mortgage, LLC. ("Defendant" or "GMAC"), is a foreign corporation located at 1100 Virginia Drive, Fort Washington, PA 19034. GMAC is registered with the Georgia Secretary of State and can be served through its agent: Corporation Service Company, Inc. 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

3. Defendant Mortgageclose.com, Inc. ("Mortgageclose") was a Nevada corporation whose corporate status has been revoked by the Nevada Secretary of State. Its last known address is: 1600 North Broadway, Suite 500, Santa Ana, CA 92706.

4. Defendant Mortgage Electronic Registration Systems, Inc. is a Delaware corporation, their corporate offices are located at 1818 Library Street, Suite 300, Reston, VA 20190.

6. Defendants Does 1-6 represent any other individuals or entities which claim an interest in the Property or claim to have a lien on the Property, and which as yet are unidentified.

Plaintiff will amend this Complaint to name any other entities or individuals which may claim an interest in the property at issue at such time as such parties or entities are identified.

## VENUE AND JURISDICTION

7. The property at issue in this Complaint is owned by Plaintiff and is located at 3930 Andrews Crossing, Roswell, Cobb County, 30075. (The "Property").

8. Since the Property which is the subject of this proceeding is located in Cobb County, Georgia, Plaintiff asserts that the Superior Court of Cobb

County has jurisdiction over this action and venue lies in the Superior Court of Cobb County pursuant to O.C.G.A. § 23-3-62(a). Venue is further proper in Cobb County as the business was transacted and the disputed real property is located in Cobb County Georgia. O.C.G.A. § 9-10-93.

9. On March 6, 2013, Defendants removed this action to this Court solely on the basis of federal question jurisdiction, 12 U.S.C. § 1452(f); 28 U.S.C. § 1331, on the grounds that the presence of Federal Home Loan Mortgage Corporation ("Freddie Mac") created a federal question. [Doc. #1].

10. On March 27, 2013, Plaintiff voluntarily dismissed Freddie Mac as a defendant in this action, thereby removing any potential federal question which may have existed. [Doc. #12]. Plaintiff simultaneously filed a Motion to Remand [Doc. # 10], which is currently pending before this Court.

11. On the basis of these allegations and recitations, Plaintiff renews her motion that this action be remanded to state court.

### FACTUAL ALLEGATIONS

12. The Plaintiff resides at 3930 Andrews Crossing, NE, Roswell, Cobb County, Georgia.

13. The Plaintiff purchased the Property in 2007, a copy of the Warranty Deed (Deed Book 14572 Page794, Cobb County, Georgia) with the

legal description of the Property is attached as Exhibit "A" to Plaintiff's initial Complaint and is incorporated by reference.[1] At all times relevant to this Complaint, either Plaintiff or a designee/lessee of Plaintiff has been in possession of the Property, and remains in possession.

14. Plaintiff financed her purchase of the Property with a note in favor of Mortgageclose.com, Inc. as the lender ("Mortgageclose") in the amount of $342,400.00 (the "note"). A true and correct copy of the note is attached as Exhibit "B".

15. The note was secured by a Security Deed dated December 14, 2007 (Deed Book 4572 Page 795, Cobb County, Georgia) in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") was designated to act "solely as a nominee" for the lender. The Security Deed names Mortageclose as the lender. Critically, MERS's interest was limited solely to acting as nominee for Mortgageclose; MERS at no time ever had an interest in the underlying Note.

---

[1] Pursuant to N.D. Ga. L.R. 15.1, Plaintiff incorporates by reference the exhibits attached to her prior Complaint to as to prevent this amended complaint from becoming unduly burdensome. All references to "Exhibits" refer to and incorporate exhibits from the prior Complaint.

A true and correct copy of the Security Deed is attached as Exhibit "C".

16. Unknown to the Plaintiff at the time, her loan was then sold by Mortgageclose to Freddie Mac. Freddie Mac is a government sponsored enterprise and is one of the largest sources of financing for residential mortgages. Freddie Mac pools and packages the loans it buys and converts them into various mortgage backed securities ("MBS"). These transactions are regulated by the Securities and Exchange Commission ("SEC").

17. Following Mortgageclose's transfer of Plaintiff's loan to Freddie Mac, GMAC (which is now in bankruptcy in the Southern District of New York) was appointed to *service* the mortgage; i.e., GMAC administered the mortgage and collect the monthly payments. As set forth above, GMAC had no beneficial interest in the ownership of the loan.

18. The Plaintiff suffered financial hardship and had no choice but to file for bankruptcy. Defendant GMAC through its attorneys McCurdy & Candler, LLC ("McCurdy") moved the bankruptcy Court for relief from the automatic stay. At no time during the bankruptcy proceedings did the Defendants reveal to the Court or to the Plaintiff that the loan was owned by Freddie Mac or that Defendant GMAC was acting solely as its agent.

19. After the Plaintiff received her discharge in bankruptcy she

accepted a loan modification offer from Defendant GMAC with an effective date of August 1, 2010. (A true and correct copy is attached as Exhibit "D")

20. Unfortunately, the Plaintiff continued to have financial hardships and sought an additional modification from Defendant GMAC. Plaintiff was repeatedly told that she did not qualify for a modification because she was current on her loan. Plaintiff was told by employees of Defendant GMAC that the only way that she could be considered for a modification was to be sixty to ninety days delinquent on her mortgage payments. Plaintiff objected because she did not want to get behind in her payments, but finally she gave in as it appeared to be the only way that Defendant GMAC would consider a modification.

21. Plaintiff sent Defendant GMAC a hardship letter and was sent an application package. Over the next few months the Plaintiff sent hundreds of pages of information to Defendant GMAC which told the Plaintiff that her documents were lost or never received.

22. The Plaintiff attempted to make mortgage payments while she was seeking a modification, but the payments were refused or returned. Defendant GMAC finally denied the modification because it claimed the investors would not approve the modification.

23. In 2012 Defendant GMAC initiated foreclosure proceedings. The letters from McCurdy stated that they were acting on behalf of Defendant GMAC as the servicer and secured creditor, but that Freddie Mac owned the loan.

24. In the published notice of foreclosure, Defendant GMAC asserted that it had authority to exercise the power of sale in the original Security Deed by assignment.

25. Although GMAC does not own the loan, it claims an interest in the Security Deed by virtue of an assignment dated January 27, 2012 from MERS as nominee for Mortgageclose.com, Inc. to GMAC. The purported assignment was made some four years after the closing of the loan. A true and correct copy of the Assignment, recorded February 3, 2012 in Cobb County Deed Book 14916, Page 5487, is attached as Exhibit "E".

26. At the time MERS claimed to be acting on behalf of Mortgageclose as its "nominee", Mortgageclose was out of business, closed, and no longer existed.

27. Mortgageclose was a Nevada corporation with its principal place of business in California. At the time of the purported assignment its corporate its corporate status had been revoked by the Nevada Secretary of State and its President was in bankruptcy. See, Exhibit "F"

# COUNT I

# EQUITABLE RELIEF- INJUNCTION TO PREVENT THREATENED FORECLOSURE

28. Plaintiff refers to and incorporates by reference Paragraphs 1 through 27 as if set forth in full herein.

29. Defendant GMAC does not have authority to foreclose on and/or sell Plaintiff's Property. As alleged in detail above Mortgageclose has not transferred its interest in the Security Deed to GMAC or parties other than GMAC.

30. Georgia law is clear that only a "secured creditor" has the right, power or authority to foreclose on a mortgage and exercise the right to sell the secured property. O.C.G.A. § 44-14-162.2(a).

31. Moreover, Georgia law provides that "[p]owers of sale in deeds of trust, mortgages, and other instruments shall be strictly construed", and that Defendants are statutorily required to exercise fairly and in good faith the power of sale in a deed to secure debt. O.C.G.A. § 23-2-114.

32. Pursuant to this authority, and based on the facts as alleged, Defendant GMAC is not a "secured creditor" with the authority or standing to foreclose on Plaintiff's Property.

33. For the reasons set forth in this Complaint, the threatened foreclosure and sale of Plaintiff's Property was and is illegal and Plaintiff wrongfully has been imminently threatened with deprivation of his possession and interest in the Property.

34. Plaintiff is without an adequate remedy at law.

35. The threatened foreclosure and sale is illegal and should be enjoined. WHEREFORE, Plaintiff prays:

a) For an order enjoining Defendants from taking any action in furtherance of the threatened foreclosure and sale of Plaintiff's Property; and

b) For such other and further relief as the Court finds is just, proper, and equitable.

## COUNT II

## DECLARATORY RELIEF

36. Plaintiff refers to and incorporates by reference Paragraphs 1 through 35 as if set forth in full herein.

37. Plaintiff seeks declaratory relief pursuant to O.C.G.A. §§ 9-4-2 and 9-11-118 on the grounds that Defendant GMAC has no legal interest in the Property, no legal or equitable right as a secured creditor with respect to the

Property for purposes of foreclosure and that said Defendant has no legal standing to institute or maintain foreclosure on the Property.

38. O.C.G.A. § 9-4-2(a), 28 U.S.C. §2201, and Federal Rule of Civil Procedure Rule 57 provide that courts shall have the power, upon appropriate pleading, to declare rights and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be prayed, and that the declaration shall have the force and effect of a-final judgment.

39. This authority provides that relief by declaratory judgment shall be available notwithstanding the fact that the complaining party has any other adequate legal or equitable remedies.

40. As set forth above; Defendant GMAC does not possess the requisite legal rights to foreclose because Defendants are not a secured creditor. In addition, it appears that the Assignment of the Security Deed was defective because Mortgageclose was no longer authorized to transact business at the time of the Assignment.

41. Georgia law provides that one who is not a party to a contract whereby title to property is retained in the seller as security for the balance of the purchase money, who is not named as payee in the notes for the payments,

and who has no valid written assignment of the notes or the contract, cannot foreclose the contract in his own name as holder and owner thereof.

WHEREFORE, Plaintiff pleads that the Court adjudge and declare:

a) That Defendants GMAC do not have legal standing or the proper legal or equitable interest in the Security Deed, the note, or the Property to institute or maintain a foreclosure;

b) That the Plaintiff recover her costs.

## COUNT III

## PETITION TO QUIET TITLE

42. Plaintiff refers to and incorporate by reference Paragraphs 1 through 41 as if set forth in full herein.

43. Plaintiff holds title to the Property by virtue of a Warranty Deed executed on or about December 14, 2007. (Exhibit "A").

44. Defendant GMAC has claimed a security interest in the Property through a Security Deed (Exhibit "C"), Assignment (Exhibit "E") and Note (Exhibit "B"). Plaintiff disputes that Defendant has any right, interest, or other legal or equitable stake in the Property.

45. Freddie Mac claims an interest in the property by virtue of its purchase of the Plaintiffs mortgage loan.

46. Defendant Mortgageclose.com, Inc. claims an interest through the Security Deed. (Exhibit "C").

47. As alleged above, a dispute and/or cloud upon the title exists with respect to the Property, as defined in O.C.G.A. § 23-3-61, which requires resolution by this Court.

48. As required pursuant to O.C.G.A. § 23-3-62, this dispute concerns the land described and defined above, with respect to which Plaintiff claims an ownership interest evidenced by a written deed. Plaintiff verifies this Complaint as reflected in her initial Complaint, and attached a plat of survey of the land, a copy of the deed upon which the Plaintiffs interest is based, and copies of the invalid security interests -if any- which appear in the recorded chain of title. A true and correct copy of the Plat is attached as Exhibit "G".

49. A copy of a lis pendens, required by O.C.G.A. § 23-3-62(d), is attached to and is contemporaneously filed with this Complaint as Exhibit "H".

WHEREFORE, Plaintiff prays that:

a) The Court take jurisdiction of this matter as an action *in rem* requiring the appointment of a Special Master pursuant to O.C.G.A. § 23-3-63;

b) The Court appoint such Special Master and that this proceeding

be referred to said Special Master by proper order pursuant to said code section;

c) All issues of fact be tried by jury as provided in O.C.G.A. § 23-3-67;

d) Any non-judicial foreclosure of Plaintiff's Property by Defendant(s) be permanently enjoined;

e) Plaintiff have a judgment establishing title in the Property in the estate against all the world and that all clouds upon the title to said land, including the purported Security Deed allegedly held by Defendant GMAC be cancelled and removed;

f) That this Court order that Defendants have no legally recognizable interest in the Property, and that Defendants be permanently enjoined from asserting any such claim based on the documents and proof before the Court as described herein or through the course of this action;

g) That Plaintiff be awarded the costs of this suit, including attorneys' fees; and

h) That this Court grant such further legal and equitable relief as is just.

Respectfully submitted,

This 7th day of May, 2013.

        THOMPSON LAW GROUP, LLC

        */s/ Robert T. Thompson, Jr.*
        Robert Thompson, Jr., Esq.
        Georgia Bar No. 709750

        Mailing Address:
        THOMPSON LAW GROUP, LLC
        P.O. Box 53484
        Atlanta, Georgia 30355
        Telephone: (404) 816-0500
        Facsimile: (404) 816-6856
        rthompson@thomlaw.net

        Street Address:
        THOMPSON LAW GROUP, LLC
        Lennox Towers
        3390 Peachtree Road, Suite 200
        Atlanta, Georgia 30326
        *Attorneys for Plaintiff Linda Stabb*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|                                         |   |                          |
|-----------------------------------------|---|--------------------------|
| **LINDA STABB,**                        | ) |                          |
|                                         | ) |                          |
| Plaintiff,                              | ) |                          |
|                                         | ) |                          |
| v.                                      | ) | Civil Action File No.    |
|                                         | ) | 1:13-cv-00719-RLV        |
| **GMAC MORTGAGE, LLC,**                 | ) |                          |
| **MORTGAGECLOSE.COM, INC.,**            | ) |                          |
| **MORTGAGE ELECTRONIC**                 | ) |                          |
| **REGISTRATION SYSTEMS,**               | ) |                          |
| **INC., and DOES 1-6,**                 | ) |                          |
|                                         | ) |                          |
| **Defendants**.                         | ) |                          |

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

Respectfully submitted,

This 7th day of March, 2013.

                                                  THOMPSON LAW GROUP, LLC

                                                  */s/ Robert T. Thompson, Jr.*
                                                  Robert T. Thompson, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LINDA STABB, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Civil Action File No. ) 1:13-cv-00719-RLV |
| GMAC MORTGAGE, LLC, MORTGAGECLOSE.COM, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and DOES 1-6, | ) ) ) ) ) ) |
| Defendants. | ) ) |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Amended Petition to Quite Title and For Declaratory and Injunctive Relief** has been sent electronically via the ECF system to registered users who have appeared as counsel for the Defendants herein as follows:

Alexandria J. Reyes  
Troutman & Sanders, LLP  
600 Peachtree Street, N.E., Suite 5200  
Atlanta, Georgia 30308  
*Counsel for Defendants GMAC Mortgage, LLC and*  
*Mortgage Electronic Registration Systems, Inc.*

This 7th day of May, 2013

                                              THOMPSON LAW GROUP, LLC

                                              */s/ Robert T. Thompson, Jr.*  
                                              Robert Thompson, Jr., Esq.